MORROW et ux. v. HARVEY et ux.

(Court of Civil Appeals of Texas. Austin. April 16, 1913. Rehearing Denied May 21, 1913.)

1. APPEAL AND ERROR (§§ 281, 743*)—PROCEEDINGS IN TRIAL COURT—MOTION FOR NEW TRIAL—COURT RULES.

Court of Appeals rules 24, 25, as amended January, 1912 (142 S. W. xii), contemplate that no question can be presented on appeal that has not been presented to the trial court in a motion for new trial, whether the case has been tried by the court or jury, and that each assignment of error shall refer to the paragraph of the motion for new trial in which the question covered by the assignment was presented to the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1650–1661, 2999, 3011, 3024, 3081; Dec. Dig. §§ 281, 743.*]

2. INFANTS (§ 19*)—CUSTODY—EVIDENCE.

In an action to determine the right to the custody of an infant, evidence *held* to warrant a finding that the best interests of the infant would be served by delivering her into the custody of complainants.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 19; Dec. Dig. § 19.*]

Appeal from District Court, Bell County; John D. Robinson, Judge.

Action by D. M. Harvey and wife against P. A. Morrow and wife. Judgment for complainants, and defendants appeal. Affirmed.

John B. Durrett, of Belton, for appellants. J. H. Evetts, of Belton, for appellees.

KEY, C. J. D. M. Harvey and his wife, Annie Harvey, brought this suit against P. M. Morrow and his wife for the purpose of obtaining a judgment establishing the plaintiffs' right to the custody, care, and control of Elma Stewart, a child five years of age. The defendants filed an answer contesting the rights asserted by plaintiffs. There was a nonjury trial, which resulted in a judgment for the plaintiffs, and the defendants have appealed.

[1] Appellants' brief contains but two assignments of error, both of which present but one question, and that is the contention that, upon the testimony submitted, the custody of the minor child should have been awarded to appellants and not to appellees. Under rules 24 and 25 (142 S. W. xii) for the government of this court, as amended by the Supreme Court in January, 1912, it is not contemplated that any question can be presented upon appeal that was not presented to the

trial court in a motion for a new trial, although the case may have been tried by the court without a jury; and rule 25 requires each assignment of error to refer to the paragraph of the motion for new trial in which the question covered by the assignment was presented to the trial court. In this case, no motion for new trial was filed in the court below, and therefore the rules referred to have not been complied with. However, as the welfare of a minor is involved, we have deemed it to be our duty to look into the merits of the case; and, after a careful consideration of the statement of facts, we have reached the conclusion that this court ought not to disturb the judgment of the trial court.

[2] All the parties to the litigation, and also the minor child who is the subject-matter of the controversy, are colored people. The undisputed proof shows that the mother of the minor child first married James Stewart, the child's father; that, when the child was 8 or 9 months old, they separated, and she subsequently obtained a divorce from Stewart. Thereafter she married another man by the name of Clint Whillage, and later they separated, and the mother of the child became a prostitute and offered to give the child to the Harveys, saying that she was sick and could not care for it. The Harveys took the child and adopted it by executing and recording an instrument of writing, in conformity with our statute, which adoption made the child their legal heir. About two years afterwards, at the earnest solicitation of the mother of the child, who was then in bad health, and who stated that her father would not permit her to return to his home without the child, the Harveys permitted the mother to take the child and carry it to the home of her father, P. A. Morrow, she assuring them that they could have it after her death, and saying that she was going back home to die. Not long thereafter the mother died, and, her father and stepmother refusing to surrender to the Harveys the child, this litigation resulted.

The proof shows that the Harveys have become attached to the child, and that it is fond of them; that they have been married 12 years, have no other children, and are better able to care for, maintain, and educate the child than are appellants. It was also shown that they had taken good care of the child while it was in their possession and the testimony indicates that they will continue to do so hereafter. Appellant P. A. Morrow is the child's grandfather, but his wife is not its grandmother, but is the second wife of P. A. Morrow, and therefore the stepgrandmother of the child. The proof also shows that P. A. Morrow has a family, consisting of his wife and seven children by his former wife, three of whom are large

enough to work and contribute to the support of his family; but it was shown that his income is only about $700 per annum, while D. M. Harvey's income is at least $1,000 per annum, and his wife was earning some money herself.

Counsel for appellants lay stress upon the fact that the Harveys are not related to the child, and that D. M. Harvey is engaged in the business of keeping a saloon, while P. A. Morrow is the child's grandfather and a minister of the gospel. Notwithstanding the avocation pursued by D. M. Harvey, the uncontradictory testimony shows that he is a sober, law-abiding man, kind and indulgent to his wife and to the child in controversy; and appellant Mary Morrow, while she testified that she wanted the child because it was related to her husband, said she thought the Harveys would be kind to it, but that she did not think they were the proper people to have it, because D. M. Harvey lived at Temple and his wife at Dallas; and she referred to an alleged assault upon Harvey's wife by two women on account of some man. Harvey's wife testified that no such difficulty ever occurred; and she and her husband gave what the court had the right to accept as a satisfactory explanation of her temporary residence in Dallas; and it was shown that she was a church member, in good standing, and actively engaged in church work. So, after considering all the testimony, we do not feel justified in holding that the disposition of the case made by the trial court does not subserve the best interests of the minor, which should be the controlling consideration in cases of this kind. Ball v. Smith, 156 S. W. 576, recently decided by this court.

No error has been shown, and the judgment is affirmed.

Affirmed.